UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MR. BERNARD P. CORBINS, | Case No:  C 10-2312 SBA |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | Docket 8 |
| UNITED AIRLINES, INC., | |
| Defendant. | |

Plaintiff, Bernard Corbins, an African-American male, filed the instant pro se employment discrimination action against United Airlines, Inc., alleging that he was discriminated against on account of his race and color.  The parties are presently before the Court on Defendant's motion to dismiss the First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.    **BACKGROUND**

The following factual summary is taken from the FAC, Dkt. 3, which is presumed true for purposes of a motion to dismiss brought under Rule 12(b)(6).  Plaintiff alleges that he has been employed by Defendant in San Francisco as a Senior Engineer since July 15, 1991.  Compl. Addendum A at 1.  He joined the "Operational Engineering" department in September 2004.  Id.  Sometime in 2008, Plaintiff was advised that his department was moving to Chicago, Illinois.  Id.  The manager of Plaintiff's department asked members of the department whether they were willing to "go and support the group."  Id.  Plaintiff "advised that [he] was interested and going to support the group."  Id.  However, on

September 15, 2008, Plaintiff was told that "his path lies in San Francisco" and was therefore not afforded an opportunity to transfer to Chicago.  Id.  Though Plaintiff was informed that the department was downsizing, Defendant actually increased the size of the department in Chicago by hiring three other engineers from an Indianapolis facility.  Id.  Plaintiff alleges that he had more seniority and experience than these engineers, who apparently are Caucasian.  Id.

Plaintiff filed his FAC on June 2, 2010.  On October 8, 2010, Defendant filed the instant motion to dismiss while the action was assigned to Magistrate Judge Maria Elena-James.  On October 25, 2010, the action was reassigned to this Court, which later rescheduled the hearing on Defendant's motion to January 25, 2011.  Under Civil Local Rule 7-3(a), Plaintiff's response to the motion was due by January 4, 2011.  No opposition or other response was filed by Plaintiff.  However, in its reply brief, Defendant indicates that the parties have been meeting and conferring regarding Defendant's concerns with the sufficiency of the allegations contained in the FAC.  Plaintiff provided Defendant with a proposed Second Amended Complaint, but Defendant declined to stipulate to its filing.

## II.   **LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), a court must take the well-pled allegations of material fact as true and construe them in the light most favorable to plaintiff.  See Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949-50.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557).  If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.   DISCUSSION

### A.   SUFFICIENCY OF THE ALLEGATIONS

Title VII of the Civil Rights Act of 1964 provides that employers may not "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C.2000e-2(a)(1).  A plaintiff may prove unlawful discrimination by producing "direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer." Metoyer v. Chassman, 504 F.3d 919, 930 (9th Cir. 2007).  If direct evidence of discrimination is not available, a plaintiff may rely upon the burden-shifting framework to prove discrimination, as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  To establish a prima facie case under McDonnell Douglas for failure to promote due to racial discrimination, plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for an open job; (3) he was rejected for that job; and (4) rather than filling the position the employer left it open or filled it with a worker outside the protected class at issue. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122-23 (9th Cir. 2004).

Defendant contends that Plaintiff's failure to promote claim is deficiently pled on the ground that he has failed to allege a prima facie case of discrimination.  Specifically, Defendant complains that Plaintiff has not identified the position or positions in Chicago for which he was qualified or how Defendant's alleged failure to transfer him constitutes an adverse employment action.  "The prima facie case under McDonnell Douglas, however, is

an evidentiary standard, not a pleading requirement.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 509 (2002) ("we hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination ... to survive respondent's motion to dismiss"). Rather, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Id.</u> at 508 (quoting Fed.R.Civ.P. 8(a)). Plaintiff's allegations are sufficient to comport with this requirement.

### B.    WARNING TO PLAINTIFF

Although Plaintiff did not file an opposition to Defendant's motion to dismiss, the record indicates that he met and conferred with Defendant's counsel in an effort to address their concerns regarding the sufficiency of the allegations in the FAC.  <u>See</u> Def.'s Reply at 1-2, Dkt. 20.  As such, it is apparent that Plaintiff's failure to file an opposition to Defendant's motion is not necessarily an indication of his intention to abandon this case. Nonetheless, Plaintiff's failure to respond to Defendant's motion constitutes a violation of the Court's Civil Local Rules.  <u>See</u> Civ. L.R. 7-3(a).  Thus, the Court could have granted Defendant's motion on the ground that Plaintiff failed to file an opposition in violation of the Local Rules.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  The Court, however, is mindful of its obligation to consider less drastic alternatives to dismissal, and therefore, will not impose such a sanction at this juncture.  <u>See</u> <u>id.</u>

Plaintiff should be aware that although he is acting pro se (i.e., without an attorney) he nevertheless remains obligated to follow the same rules as represented parties.  <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (same).  Self-representation is not an excuse for non-compliance with Court rules.  <u>See</u> <u>Swimmer v. I.R.S.</u>, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).  Plaintiff's failure to comply with any procedural requirements, including any Court order, may result in the imposition of sanctions up to and including dismissal of the action.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d

1258, 1260 (9th Cir. 1992).  Plaintiff is warned that any further failure to comply with any order or applicable procedural rule, including the failure to timely oppose a motion, may be deemed to be a consent to the granting of said motion, without further notice.

**IV.     <u>CONCLUSION</u>**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's motion to dismiss is DENIED.  This Order terminates Docket 8.

IT IS SO ORDERED.

Dated: January 12, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


CORBINS et al,

        Plaintiff,

  v.

UNITED AIRLINES - MOC et al,

        Defendant.
_____/

                           Case Number: CV10-02312 SBA

                             **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Bernard P. Corbins
30074 Woodthrush Pl
Hayward,  CA 94544


Dated: January 12, 2011

                             Richard W. Wieking, Clerk

                                 By: LISA R CLARK, Deputy Clerk